Dorothy M. CARTER, Plaintiff,

v.

PRINCE GEORGE'S COUNTY, MARYLAND, et al., Defendants.

Civ. A. No. PJM 92–2794.

United States District Court, D. Maryland.

April 29, 1994.

David F. Hallberlin, Washington, DC, for plaintiff.

Jay H. Creech, Upper Marlboro, MD, for defendants.

*OPINION AND ORDER*

MESSITTE, District Judge.

I.

Plaintiff has sued Prince George's County and two of its police officers, alleging a violation of her civil rights under 42 U.S.C. § 1983 and related provisions. Suit was initially filed in the Prince George's County Circuit Court on August 21, 1992, and was removed to this Court on October 2, 1992.

Defendant Prince George's County answered the suit in this Court on October 7, 1992, Defendant Rasmussen on March 5, 1993, and Defendant Tolson on May 10, 1993. Defendants, by way of a Motion for Sanctions, have asked that Plaintiff's case be dismissed on the grounds that she has repeatedly failed to respond to discovery requests. The Court has determined to grant Defendant's motion without prejudice.

## II.

When Plaintiff launched this suit nearly nineteen months ago, she was represented by counsel. Until his withdrawal at the end of November, 1993, it is fair to say that counsel acted—or at least attempted to act—vigorously and ably on Plaintiff's behalf.

The Court's predecessor in this case (Smalkin, J.) originally set a discovery deadline of September 13, 1993, a motions deadline of October 13, 1993, and a pre-trial conference for December 14, 1993. At the request of Plaintiff's counsel, Judge Smalkin almost immediately extended the discovery deadline to November 13, 1993, the motions deadline to December 13, 1993, and the pretrial conference to January 13, 1994.

When Defendant requested bifurcation of the trial so that Plaintiff's claim against the individual officers would proceed while the claim against the County would remain in abeyance, Plaintiff's counsel opposed the request, albeit unsuccessfully. At the same time, Plaintiff's counsel sought an order allowing him to depose the two individual Defendants by video tape, which Judge Smalkin, however, denied.

For her own part, Plaintiff was considerably less diligent than her attorney. Despite timely notice, she failed to appear at her deposition on October 21, 1993; her counsel, at the eleventh hour, offered the explanation that she "was having transportation problems and would not be able to appear at the deposition." Plaintiff's deposition was then rescheduled for November 2, 1993, but again Plaintiff failed to appear, this time without notice either to Defendants' counsel or her own counsel. Plaintiff's counsel acknowledges that he attempted to communicate with his client concerning the second deposition and was sure that she had received his communications, but that she did not respond.

At the same time, defense counsel attempted to schedule depositions of Plaintiff's experts, whom Plaintiff (again at her counsel's instance) had been permitted to name out of time, but those experts refused to go forward unless their fees were paid by Plaintiff. Plaintiff apparently did not pay them; they refused to be deposed. Certain interrogatory answers and document requests due from Plaintiff also remained unanswered. Defendants thereafter, not unexpectedly, filed a Motion for Sanctions, including a request that Plaintiff's suit be dismissed, with expenses to be paid by her. Plaintiff's counsel opposed the Motion, while acknowledging that he had "sought the input of his client to prepare an opposition but her cooperation and input has not been forthcoming."

Simultaneously with his opposition to Defendants' Motion for Sanctions, however, Plaintiff's counsel filed his own Motion to Withdraw as counsel, indicating that Plaintiff had failed to keep him apprised of her current address, had failed to call him when he repeatedly requested her to call to prepare her case, had failed to provide the names and whereabouts of witnesses crucial to her case, had failed to appear for her deposition on two separate occasions although timely notified to appear, and had failed to contact counsel to prepare an opposition to the pending Motion for Sanctions.[1]

On November 19, Plaintiff's counsel filed a Supplemental Opposition to the Motion for Sanctions, indicating that he had received a collect call from Plaintiff on November 15 in which she told him that she failed to attend the depositions because she had been depressed, was suffering from severe financial and personal problems and had no means of transportation. Counsel represented to the Court that Plaintiff promised to cooperate in the case thereafter. Counsel nonetheless pursued his Motion to Withdraw, which the

---

1. Attached to counsel's motion, quite properly, were a series of letters from counsel to Plaintiff advising her of various developments in the case and urging her cooperation.

Court granted on November 29, 1993. Plaintiff was thereupon advised by the Clerk of this Court that the case would be tried by her in proper person unless and until new counsel entered an appearance on her behalf.

On February 18, 1994, this member of the Court, having inherited the case from Judge Smalkin, sent a letter to Ms. Carter at her address of record in West Virginia, as well as to defense counsel, stressing that it was incumbent upon the parties to communicate with the Court as required. The Court specifically directed the parties to file status reports within 30 days of February 18. On March 17, 1994, Defendants' status report arrived; nary a word has been forthcoming from Plaintiff.

### III.

Federal Rule of Civil Procedure 37(b), as in effect until December 1, 1993, governs this matter. It provides that if a party fails to appear at a properly noticed deposition or to serve answers or objections to interrogatories after proper service, the Court is authorized to make such orders in regard to the failure, as may be appropriate, including dismissal of the action. *See* Federal Rule of Civil Procedure 37(b)(2)(C), effective until December 1, 1993.

Although Plaintiff's case in this Court began in October, 1992, by November, 1993—the deadline for discovery set by Judge Smalkin—she had not cooperated in the most fundamental respects of orderly procedure. She failed, without adequate forewarning, to attend two properly noticed depositions of her own and failed to supplement discovery regarding interrogatories and documents. Her own experts refused to appear at deposition unless she provides for them financially. All this occurred despite the fact that Plaintiff was represented—at least until November 29, 1993—by able counsel. The Court notes that counsel himself was constrained to cite Plaintiff's lack of cooperation as the reason for his withdrawal, and even though he withdrew alleging that Plaintiff would not fail to be responsive thereafter, the fact is that Plaintiff filed no response to the Court's letter of February 18, 1994, asking for a status

report within 30 days and stressing the need for strict compliance.

The time for further solicitude of Plaintiff is at an end. The Court notes that the incident which is the subject of this law suit occurred on August 22, 1991. The Court observes that, if the present case is dismissed without prejudice, Plaintiff will still presumably be able to refile her case within the three-year statute of limitations, *i.e.* by August 21, 1994. In light of that, the Court has determined to grant Defendants' Motion to Dismiss the case without prejudice. Should the Plaintiff in fact be serious about pursuing her claim, she can always refile her suit in timely fashion. In the meantime, the case will be closed.

### ORDER

Accordingly, upon consideration of Defendants' Motion for Sanctions and Plaintiff's Opposition thereto, it is this 29th day of April, 1994

ORDERED that Defendants' Motion be and the same is hereby GRANTED; and it is further

ORDERED that this case be and the same is hereby DISMISSED WITHOUT PREJUDICE, each party to pay his, her or its own costs.